# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CRIMINAL CASE NO. 3:04cr105

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| VICTOR A. RITA. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reconsider [Doc. 64] and Application to Proceed *In Forma Pauperis* [Doc. 65], both filed on June 4, 2008.

The Defendant has previously moved for the appointment of counsel to assist him in the preparation of a motion pursuant to 28 U.S.C. §2255. [Doc. 59]. On May 8, 2008, that Motion was denied. [Doc. 63]. On June 4, 2008, Defendant moved for reconsideration of that ruling. [Doc. 64].

The very next day, June 5, 2008, the Defendant filed a civil action pursuant to 28 U.S.C. §2255, Rita v. United States, Civil Case No. 3:08cv260, which remains pending with this Court. Defendant made that §2255 filing without the assistance of any counsel. Since the Defendant

has now filed his motion pursuant to §2255, his motion to reconsider granting him court-appointed counsel for the purposes of making that filing is moot. Moreover, there are no grounds raised in the motion to reconsider which would warrant the appointment of counsel in any event. A petitioner attempting to vacate his conviction and sentence pursuant to §2255 is not automatically, or even generally, entitled to court-appointed counsel. Indeed, the Rules governing that statute provide that such counsel is not required unless the court determines a hearing is necessary to the resolution of the motion. Rule 8(c), Rules Governing Motions pursuant to Section 2255 in District Courts. At this point, nothing appears in the record to indicate that a hearing is warranted. See, *e.g.* United States v. Phillips, 134 F.3d 365 (table), 1998 WL 48561 *1 (4th Cir. 1998)("[T]here is no constitutional right to counsel in a §2255 proceeding" although there is a statutory right if an evidentiary hearing is conducted.), *citing* United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); United States v. Riley, 21 Fed.Appx. 139, 141-42 (4th Cir. 2001) ("[T]here is no right to habeas counsel and Rucker has failed to show that the 'interests of justice' require that she be appointed counsel" to assist in the preparation of a motion pursuant to §2255.).

In the event that the Court deems a hearing is required in the

pending action involving the Defendant's §2255 motion, counsel will be appointed at that time.

In his §2255 action, the Defendant herein has moved for leave to proceed *in forma pauperis.* That motion was, however, denied as moot on June 18, 2008, because he is allowed to proceed under §2255 without the payment of fees, so no *in forma pauperis* application was necessary. As a result, the *in forma pauperis* application filed in this action pertains to a matter that has been disposed of and is, therefore, moot.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Reconsider [Doc. 64] is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Defendant's Application to Proceed *In Forma Pauperis* [Doc. 65] is hereby **DENIED** as moot.

Signed: June 23, 2008

Martin Reidinger
United States District Judge